[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 3, 2011
JOHN LEY
CLERK

No. 10-12988
Non-Argument Calendar
_____

Agency No. A089-250-183

FENG YING LIN,

                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 3, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Feng Ying Lin, a native and citizen of China, entered the United States without a valid entry document on February 14, 2004. In August 2007, while pregnant with her second child,[1] Lin filed an application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and protection under the Convention Against Torture ("CAT"). She represented in her application that her mother and other family members as well as friends had been forced to submit to sterilization pursuant to China's family planning policy, and that if returned to China after her child was born, she would be sterilized.

On February 10, 2009, at a removal proceeding commenced by the Department of Homeland Security ("DHS"), the Immigration Judge ("IJ") denied Lin's application in full and ordered Lin removed to China. The Board of Immigration Appeals ("BIA") dismissed her appeal on June 2, 2010, and she now petitions this court for review, contending that the BIA erred in concluding that she failed to prove that she had a well-founded fear that, if returned to China, she would be sterilized and subjected to economic persecution in the form of severe fines as well.

---

[1] Lin married her husband in the United States on July 17, 2007. Together, they have two children born in the United States.

As an initial matter, Lin's brief does not set forth an argument concerning the denial of CAT relief. Therefore, Lin has abandoned this issue on appeal. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that, "when an appellant fails to offer an argument on an issue [such as CAT relief], that issue is abandoned").

We review only the BIA's decision, except to the extent that the BIA expressly adopted the IJ's opinion. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's legal determinations *de novo*. *Nreka v. U.S. Att'y Gen.*, 408 F.3d 1361, 1368 (11th Cir. 2005). The BIA's factual determinations are reviewed under the substantial-evidence test, meaning that we will not disturb those determinations "if . . . supported by reasonable, substantial, and probative evidence on the record considered as a whole." *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1006 (11th Cir. 2008) (quotation omitted). We will not reverse a factual determination "unless the record compels a contrary conclusion." *Id.*

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). To be eligible for asylum, the applicant must prove that she is a "refugee" within the meaning of the INA. INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). To establish asylum eligibility, the

alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor, in this case political opinion, will cause such future persecution. 8 C.F.R. § 208.13(a), (b); *Al Najjar*, 257 F.3d at 1287.

A well-founded fear of future persecution may be established by showing (1) past persecution that creates a rebuttable presumption of a well-founded fear of future persecution based on a protected ground, (2) a reasonable possibility of personal persecution based on a protected ground, or (3) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the alien is a part. 8 C.F.R. § 208.13(b)(1), (b)(2)(i) and (iii). To establish the possibility of personal persecution, the alien must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution." *Huang v. U.S. Att'y Gen.*, 429 F.3d 1002, 1009 (11th Cir. 2005) (quotation omitted). In establishing any of the above, the alien must demonstrate that her fear "is subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289. "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution." *Id.* "In most cases, the objective prong can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." *Id.*

4

Along with seeking asylum, the alien may also seek withholding of removal. *See* INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). As the more-likely-than-not burden of proving eligibility for withholding of removal is more stringent than the well-founded-fear standard of proving eligibility for asylum, ineligibility for asylum generally precludes withholding of removal eligibility. *Al Najjar*, 257 F.3d at 1292-93.

The INA does not expressly define "persecution" for purposes of qualifying as a "refugee." *See* INA § 101(a)(42); 8 U.S.C. § 1101(a)(42). It does, however, provide that:

> For purposes of determinations under this chapter, a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

INA § 101(a)(42)(B); 8 U.S.C. § 1101(a)(42)(B).

The BIA has held that in order to qualify for asylum based on a violation of China's population control policy, the alien must show: (1) that the birth(s) "violated family planning policies in that alien's local province, municipality, or

5

other locally-defined area," and (2) "that current local family planning enforcement efforts would give rise to a well-founded fear of persecution because of the violation." *In re J-H-S-*, 24 I. & N. Dec. 196, 197-98 (BIA 2007).

Lin gave credible testimony as to her genuine fear of forced sterilization, but the record does not compel the conclusion that she had an objectively reasonable fear of sterilization. The letters from Lin's friends and families were not sufficiently reliable because the authors were interested parties and not subject to examination under oath. Other documents Lin presented were unauthenticated, and the reports she introduced failed to conclusively show that in the area of China where she planned to live the government practiced coercive sterilizations. Lin also failed to show that her economic situation in China would be such that severe fines would amount to persecution.

For the foregoing reasons, the petition for review is

DENIED.